**H. Max AMMERMAN et al., Petitioners,**

**v.**

**DISTRICT OF COLUMBIA RENTAL ACCOMMODATIONS COMMISSION, Respondent.**

**No. 11187.**

District of Columbia Court of Appeals.

Argued March 17, 1977.

Decided July 6, 1977.

---

**5.** Rule 54(c) hardly permits the trial court to grant relief precluded by statute.

Alan D. Keiler, Washington, D. C., for petitioners.

H. Max Ammerman, Washington, D. C., submitted a brief pro se.

Frederick F. Stiehl, Asst. Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Principal Deputy Corp. Counsel, and John C. Salyer, III, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

* Chief Judge Newman did not participate in this decision.

Before NEWMAN,* Chief Judge, and GALLAGHER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This case is before the court on a petition to review an order of the District of Columbia Rental Accommodations Commission affirming the decision of the Acting Rent Administrator in Tenant Complaint No. 176 filed April 15, 1976. The tenants had claimed that the rent being charged by their landlord, Ginnetti, one of the two petitioners here,[1] was excessive and improper under the Rental Accommodations Act. A hearing was requested and scheduled, and notice was sent by the Acting Rent Administrator to the tenants and to petitioner Ginnetti. Ginnetti hired an attorney to represent him, Mr. Alan D. Keiler, who is a member of petitioner Ammerman's law firm. Notice was not sent to petitioner Ammerman, nor was he named a party to the complaint, and he did not participate in any of the agency proceedings.

The hearing on the tenants' petition was scheduled for 9:30 a. m. on Monday, May 24, 1976. On May 19, Mr. Keiler learned that he would be in New York City on a business matter on the day of the hearing. Petitioner Ginnetti advised Mr. Keiler that he too might be unavailable to attend the hearing because of his sister's illness in Atlantic City. Mr. Keiler requested a continuance of the hearing in a May 19 letter to the Acting Rent Administrator in which he stated only that he would "be in New York on that date." No explanation for the trip was given in the letter, nor was petitioner Ginnetti's possible unavailability mentioned. On May 20, the Acting Rent Administrator told Mr. Keiler over the telephone that a continuance would not be granted except upon request of all the parties.

The next day, Friday, May 21, at approximately 3 p. m., Mr. Keiler contacted an

1. Petitioners Ammerman and Ginnetti are the general partners of the Howard-Stanton Gardens Limited Partnership that owns the apartments where the tenant/complainants live.

attorney at Neighborhood Legal Services whom he believed was representing the tenants in this matter.[2] After telling him about the continuance request, Mr. Keiler understood that the attorney would contact the Commission about the continuance. Mr. Keiler then left for New York.

The hearing was held on May 24, 1976, before a Commission hearing examiner; neither petitioner Ginnetti nor Mr. Keiler was present. The Acting Rent Administrator issued a decision and order in the tenants' favor on June 15 and imposed a $50 fine each on petitioner Ginnetti and petitioner Ammerman for demanding rent in excess of the maximum allowable. On June 28 petitioner Ginnetti filed his administrative appeal to the Commission, and, on July 23, the Commission affirmed the Acting Rent Administrator's decision. It is this affirmance that petitioners urge as error.

On review, petitioners contend (1) that the Acting Rent Administrator failed to notify petitioner Ammerman about the tenant complaint and that the Administrator failed to make petitioner Ammerman a party to the complaint filed; thus, the Commission could not impose a $50 fine against petitioner Ammerman for demanding rent in excess of the maximum allowable under the Act; and (2) that the Acting Rent Administrator erred in not granting a continuance when requested to do so by petitioner Ginnetti.

An administrative agency's power to impose sanctions extends only to those parties[3] before the agency who have been afforded the required procedural guarantees with respect to the agency's proceedings. These procedural guarantees have their roots in constitutional due process and those due process requirements are met only if a party "was given adequate opportunity to prepare and present its position" to the agency involved. *Watergate Improvement Associates v. Public Service Commission,* D.C.App., 326 A.2d 778, 786 (1974). *See also Flotill Products, Inc. v. FTC,* 358 F.2d 224, 233 (9th Cir. 1966), *rev'd on other grounds,* 389 U.S. 179, 88 S.Ct. 401, 19 L.Ed.2d 398 (1967); *Freight Consolidators Cooperative, Inc. v. United States,* 230 F.Supp. 692, 699 (S.D.N.Y.1964).

Naming a person a party to the complaint on which the agency is acting brings into play the procedural guarantees of the District of Columbia Administrative Procedure Act which specifically mandates notice to parties, permits participation by parties in hearings, provides an opportunity for parties to file written exceptions to proposed orders, and requires the sending of copies of final orders, decisions, and findings to parties. D.C.Code 1976 Supp., § 1–1509. The Rental Accommodations Commission's regulations provide further procedural guarantees for parties. For example, Regulation 2.31, 22 D.C.Reg. 3129 (Dec. 17, 1975), specifically mandates that all affected parties shall receive notice of the filing of a tenant petition:

> Upon receipt of a rent adjustment petition, the Administrator shall notify the appropriate affected parties by certified mail, or other form of service assuring delivery, of the receipt of such petition and of the right of either party to make a written request for a hearing within fifteen days after receipt of the Administrator's notice. If a hearing is timely requested by either party, notice of its time, date and place shall be furnished by the Administrator to the parties by certified mail, or other form of service assuring delivery, at least fifteen days before the commencement of such hearing. The notice of hearing shall inform each party

---

2. Petitioners' brief at 2 states that the attorney "indicated that he represented" the tenants. The Commission, on administrative appeal, found that the person Mr. Keiler contacted represented the tenants in another landlord/tenant matter and thus Mr. Keiler "believed" him to be acting on the tenants' behalf in this matter also. The tenants argued before the Commis-

sion that they had no attorney in this matter and never were contacted about the continuance.

3. D.C.Code 1976 Supp., § 1–1502(10) defines a party as "any person . . . named or admitted as a party."

of the right to have legal counsel or other representation at the hearing.

■ In the instant case, petitioner Ammerman was never named as a party in the tenants' petition, nor was he given notice of the hearing on the petition or an opportunity to be heard on his own behalf.[4] We hold that the Rental Accommodations Commission is precluded from imposing sanctions on a person who has not been made a party to the complaint being heard by the Commission and who has not been afforded the procedural guarantees of the District of Columbia Administrative Procedure Act and the Commission's regulations. The decision to impose a $50 fine on petitioner Ammerman is reversed and the fine is vacated.

■ The second issue on review concerns the denying of petitioner Ginnetti's request for a continuance of the hearing because his attorney would be out of town and the holding of the hearing in the absence of both Ginnetti and his attorney.

"No principle of administrative law is more firmly established than that of agency control of its own calendar." *City of San Antonio v. CAB,* 126 U.S.App.D.C. 112, 115, 374 F.2d 326, 329 (1967). *Accord Nader v. FCC,* 172 U.S.App.D.C. 1, 14, 520 F.2d 182, 195 (1975). There is no doubt that continuances can upset an agency's attempts to control its workload and to dispose of the cases before it expeditiously.[5] Agencies must be, and are, given discretion in the procedural decisions made in carrying out their statutory mandate. *American Beef Packers, Inc. v. Department of Agriculture,* 486 F.2d 1048, 1049 (8th Cir. 1973). Specifically, the denial of a continuance is a discretionary act and reviewable only to determine whether there has been an abuse of discretion. *Jennings v. Gilbertson,* D.C. Mun.App., 74 A.2d 839, 841 (1950); *Freight*

*Consolidators Cooperative, Inc. v. United States, supra* at 700. *See also Taylor v. Yellow Cab Co.,* D.C.Mun.App., 31 A.2d 683 (1943).

■ Section 3.12 of the Commission's regulations provides:

The Administrator may grant a continuance of a hearing for good cause only. When a continuance has been granted, the Administrator shall inform the parties of the date, time and place to which such hearing has been continued. [22 D.C.Reg. 3131 (Dec. 17, 1975).]

" 'Good cause' depends upon the circumstances of the individual case, and a finding of its existence [or nonexistence] lies largely in the discretion of the officer or court to which the decision is committed." *Wilson v. Morris,* 369 S.W.2d 402, 407 (Mo.1963), *quoted with approval in Lambert Brothers, Inc. v. Tri City Construction Co.,* 514 S.W.2d 838, 842 (Mo.App.1974). By its very nature, "good cause" requires the evaluation of a number of subtle factors, a task properly given to the administrative agency most experienced in dealing with such factors in the first instance. In the absence of an abuse of the agency's discretion in that evaluation, we are bound by that good cause or lack of good cause determination. *Gardner v. Moon,* 360 F.2d 556, 559 (8th Cir. 1966), *citing Langford v. Flemming,* 276 F.2d 215, 219 (5th Cir. 1960).

■ Concerning a requested continuation in these cases, it must be remembered that the Rental Accommodations Act requires tenant petitions to be approved or denied by the Rent Administrator within 60 days of their filing unless an extension of time is approved, in writing, by both the landlord and tenant or by the Commission. D.C. Code 1976 Supp., § 45–1652(a). *See also* Commission Regulation § 2.34(a): "[F]or

---

4. Respondent contends that the statutory notice provisions relating to partnerships, *e. g.,* D.C.Code 1973, § 41–311, provided the requisite notice to petitioner Ammerman. We hold that *those provisions do not come into play* where neither the partnership nor general partner, now petitioner, Ammerman was named a party to the Commission proceeding.

5. In its brief, the Commission stated that rent control cases are scheduled for hearings three or four weeks in advance and that continuances because one party was planning to be out of town would involve the rescheduling of about ten cases per week.

good cause, the Administrator may approve an extension of time not to exceed thirty days." Petitioner Ginnetti, only two working days before the date of the hearing, requested "a continuance of this matter to a more convenient date (i. e., the second week in June)." Since the sixty-day statutory deadline would expire June 14th, to grant that delay without written consent of the tenant would have unduly risked violating the sixty-day provision of the Act.

We cannot say that petitioner Ginnetti established the requisite "good cause" for a continuance by merely stating that his attorney "will be in New York on that date." No reason for the trip was given to the Administrator, nor was the Administrator ever informed of the possibility that peti-

tioner Ginnetti might also be unavailable. *See Millar v. City of Madison,* 242 Wis. 617, 9 N.W.2d 90 (1943). We hold that it was not an abuse of discretion to deny the requested continuance absent the consent of the tenants.[6]

The $50 fine imposed on petitioner Ammerman is vacated, but in all other respects the order under review is

*Affirmed.*

---

6. It was at petitioner Ginnetti's own risk that he relied on the assurances of an attorney whom he assumed represented the tenants that the continuance would be arranged. The Commission cannot be charged with petitioners' failure to effectively secure the tenants' consent to the continuance.