**PEOPLE'S COUNSEL, et al., Petitioners,**

v.

**PUBLIC SERVICE COMMISSION OF the DISTRICT OF COLUMBIA, Respondent.**

**Potomac Electric Power Company, Intervenor.**

**No. 80–957.**

District of Columbia Court of Appeals.

Reargued Sept. 30, 1982.

Decided Nov. 30, 1982.

Robert C. McDiarmid, Washington, D.C., with whom Marta A. Manildi, and Brian Lederer, Washington, D.C., were on the briefs, for petitioners.

Lloyd N. Moore, Jr., Washington, D.C., for respondent. Judith W. Rogers, Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent.

William Dana Shapiro, with whom Edward A. Caine and Betty K. Cauley, Washington, D.C., were on the briefs, for intervenor.

Before NEBEKER, MACK and PRYOR, Associate Judges.

PER CURIAM:

The People's Counsel challenges an order of the Public Service Commission granting Potomac Electric Power Company a permanent rate increase of $35,465,000 on the following bases: 1) the Commission's failure to permit untimely filed testimony as to possible modifications in PEPCO's management and construction program; 2) the Commission's failure to set the new rate at the lowest end of the "zone of reasonableness"; 3) the Commission's failure to consider certain offsets to cash working capital; and 4) the Commission's inclusion of a 100% lifetime ratchet in the Washington Metropolitan Area Transit Authority's rapid transit tariff.[1]

 Under D.C.Code 1973, § 43–706, our review of a Commission order is "limited to questions of law, including constitutional questions . . . ." Factual findings of the Commission "shall be conclusive unless [they] are unreasonable, arbitrary and capricious." Thus, our scope of review is quite narrow, limited to determining whether the overall impact of the rate order is "just and reasonable," *Washington Gas Light Co., v. Public Service Commission,* D.C.App., 450 A.2d 1187 at 1192 (1982); *People's Counsel v. Public Service Commission,* D.C.App., 399 A.2d 43, 46 (1979), and whether the Commission "respected procedural requirements, has made findings

---

1. Petitioners moved to have this court consider Public Service Commission Order No. 7425 issued in Formal Case No. 737 in reaching its opinion in this case. Petitioners claim the order addresses issues raised in this case and has implications for the appropriate relief. Because the Commission has yet to make a determination on the issue of Chalk Point 4 the order is not final. Thus, we deny this motion.

based on substantial evidence, and has applied correct legal standards ...." *PEPCO v. Public Service Commission,* D.C.App., 402 A.2d 14, 18 (1979) (quoting *Telephone Users Association v. Public Service Commission,* D.C.App., 304 A.2d 293, 296 (1973), *cert. denied,* 415 U.S. 933, 94 S.Ct. 1448, 39 L.Ed.2d 492 (1974)). We affirm.

■ We reject the petitioner's contention that it was deprived of due process by the Commission's failure to permit the People's Counsel to present the unexcused untimely testimony of Jesse Buggs, Jr., George Grier and Robert Hartley.

"No principle of administrative law is more firmly established than that of agency control of its own calendar." *Ammerman v. District of Columbia Rental Accommodations Commission,* D.C.App., 375 A.2d 1060, 1063 (1977) (quoting *City of San Antonio v. Civil Aeronautics Board,* 126 U.S.App.D.C. 112, 115, 374 F.2d 326, 329 (1967)). The Commission acted within its discretion in rejecting the testimony of Buggs and Grier finding, after oral argument and a review of the proffered evidence, that it was of "highly questionable admissibility as unduly repetitious," Public Service Commission Order No. 7064 at 9, Dec. 11, 1979, as well as not "crucially probative." *Id.* at 10. The Commission made similar findings as to Hartley's proffered testimony, ruling it "conclusory, conditional and speculative," Public Service Commission Order No. 7069 at 7, Dec. 21, 1979, and "not of any significant probative value." *Id.* at 11. Moreover, the Commission's assessment of PEPCO's construction program in its determination of PEPCO's rate base was supported by substantial evidence and the Commission was correct in "declin[ing] to follow OPC's invitations [to exclude Chalk Point Unit No. 4 from PEPCO's rate base; to suspend the further construction of that unit; to prohibit retirement of the Benning Road and Buzzard Point Units; and to disallow depreciation of those units], since such draconian measures plainly should not be, and could not be, undertaken without a significantly more substantial basis ...." Public Service Commission Order No. 7135 at 65, May 15, 1980.[2]

■ Secondly, we reject, on two bases, the petitioner's contention that the Commission erred in not setting the new rate at the lowest end of the reasonableness spectrum. While the Commission heard testimony on all sides of the controversy regarding what PEPCO's allowable rate of return should be it "tend[ed] to give greater weight to Mr. Kosh's [Public Service Commission Staff] presentation as the more balanced; also [the Commission was] better able to discern the reasoned steps and areas of judgmental consideration in his analysis." Public Service Commission Order No. 7135 at 34. We find that the Commission's decision was neither arbitrary nor capricious and that the Commission, contrary to the petitioner's contention, need not have supported its decision by explaining "why it favored one witness or statistic over another." *Citizens Association of Georgetown, Inc. v. District of Columbia Zoning Commission,* D.C.App., 402 A.2d 36, 47 (1979). We also find that the rate that was set was within the zone of reasonableness and, as such, we cannot reverse it even if the method used to reach it contained "infirmities." *Washington Gas Light Co. v. Public Service Commission, supra* at 1210; *People's Counsel v. Public Service Commission, supra* at 51. *See also Federal Power Commission v. Hope Natural Gas Co.,* 320 U.S. 591, 64 S.Ct. 281, 88 L.Ed. 333 (1944). Further, a review of the record and the Board's order reveals a careful, considered analysis of PEPCO's costs of service, operating results, method of determining its rate base and its rate design and, as such, we find that the rate set was supported by substantial evidence.

Third, we reject the petitioner's contention that this court, in *People's Counsel v. Public Service Commission, supra,* mandated the Commission to adopt and utilize the

---

**2.** In its order the Commission noted that it had already instituted a separate proceeding as to the reasonableness of PEPCO's generation construction program. *Id.* Formal Case No. 737 (Proposed Opinion and Order, September 8, 1981).

"Iowa approach" for computing cash working capital. What we did do was recognize the "well reasoned" nature of the "Iowa approach," *Id.* at 50, and "direct the Commission's attention to [it] for its serious consideration." *Id. People's Counsel v. Public Service Commission,* D.C.App., 455 A.2d 391 (Nos. 79–1037, –1073, Nov 30, 1982). As the Commission considered and rejected the "Iowa approach" in Formal Case No. 685, we are "assure[d] ... that the Commission has given [it the] reasoned consideration [we mandated]." *Washington Public Interest Organization v. Public Service Commission,* D.C.App., 393 A.2d 71, 76 n. 4 (1978) (quoting *Permian Basin Area Rate Cases,* 390 U.S. 747, 791–92, 88 S.Ct. 1344, 1372–1373, 20 L.Ed.2d 312 (1968)).

Lastly, relying on evidence of the predictability of METRO growth, which was obtained subsequent to the initiation of this appeal, PEPCO's 100% lifetime ratchet provision in the WMATA's rapid transit tariff has been changed to a three month ratchet. Thus, we need not address this basis of the challenge to the Public Service Commission order.

*Affirmed.*