John W. FITZHUGH, M.D., Petitioner,

v.

DRUG ENFORCEMENT
ADMINISTRATION,
Respondent.

No. 86–1012.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 8, 1986.
Decided March 24, 1987.

6. *Id.* at 700.

P. David Gavin, Rockville, Md., for petitioner.

Catherine M. Volz, Atty., Dept. of Justice, of the Bar of the Supreme Court of Iowa, pro hac vice by special leave of Court, with whom Stephen E. Stone, Associate Chief Counsel, Drug Enforcement Administration, Washington, D.C., was on the brief for respondent. Michael Zelden, Atty., Drug Enforcement Administration, Washington, D.C., also entered an appearance, for respondent.

Before WALD, Chief Judge; MIKVA, Circuit Judge, and LEIGHTON,* Senior District Judge.

Opinion for the Court filed by Senior District Judge LEIGHTON.

LEIGHTON, Senior District Judge:

This petition to review an administrative order requires us to decide whether petitioner was afforded a full and fair hearing before a certificate authorizing him to distribute certain controlled substances was revoked by the administrator of the Drug Enforcement Administration; and whether the administrator abused his discretion in revoking the certificate. Petitioner, to use his words, contends that "[t]he result [of the administrative proceeding] adds a new definition to the term 'railroaded'." We conclude, however, that the result did not add such a new definition; that petitioner received a full and fair hearing in the administrative proceedings; and that the administrator did not abuse his discretion in revoking petitioner's certificate of registration when uncontested facts showed he had been convicted of a felony in violation of the Federal Controlled Substances Act. Therefore, we affirm the order of the administrator.

I

Petitioner John W. Fitzhugh, is a medical practitioner licensed in the District of Columbia. He received medical degrees from Howard University in 1954 and 1958, respectively. On October 4, 1983, after being charged in an information filed in the United States District Court for the District of Columbia, Dr. Fitzhugh pleaded guilty to one count of illegal distribution of a schedule II (narcotic) controlled substance. This crime involved his misuse of authority as a physician to prescribe Dilaudid, a controlled substance. His written plea agreement, among other provisions, required him to

---

* Of the United States District Court for the Northern District of Illinois, sitting by designation pursuant to 28 U.S.C. § 294(d) (1982).

voluntarily surrender his DEA registration to dispense schedule II controlled substances. No reference was made in the agreement to Dr. Fitzhugh's authority to dispense other controlled substances; nor, in their negotiations, did the parties discuss his DEA registration to dispense other drugs. The registration as to schedule II controlled substances was surrendered and Dr. Fitzhugh was sentenced.

This fact came to the attention of the DEA; and pursuant to the authority delegated to the administrator, the agency under the provisions of 21 U.S.C. § 823 *et seq.*, ordered him to show cause why his DEA certificate of registration under which he had the authority to distribute controlled substances in schedules III, IV, and V should not be revoked. The basis for the order was Dr. Fitzhugh's conviction of a controlled substance-related felony. He responded with a letter requesting a hearing. On September 4, 1984, Administrative Law Judge Francis L. Young, to whom the cause had been assigned, issued an order for prehearing statements.

The parties complied. In October 1984, they listed witnesses, the substance of proposed testimony, and the documentary evidence to be introduced. Dr. Fitzhugh, by his lawyer, P. David Gavin, Esq., raised the issue whether the plea agreement into which he had entered with the government in the criminal case barred revocation of his DEA certificate of registration to distribute controlled substances in schedules III through V. Apparently, Dr. Fitzhugh and his lawyer were arguing that because his plea agreement only required him to surrender his certificate as to schedule II substances, the government was implicitly limited in its power to administratively revoke his registration as to other schedules. Judge Young set the issue on briefing, giving the parties time to file briefs stating their respective positions. The ruling date was extended and the scheduled hearing of the cause was continued at the parties' request.

Under the briefing schedule, Dr. Fitzhugh was given until February 18, 1985 to support his argument with a memorandum;

he did not do so. As a result, Judge Young ruled that Dr. Fitzhugh and his lawyer had abandoned their contention that the plea agreement in the criminal case barred revocation of the DEA registration which authorized Dr. Fitzhugh to distribute controlled substances in schedules III, IV, and V. He also granted a DEA request for a continuance and set the cause for hearing on May 7, 1985. On April 1, 1985, the hearing clerk notified counsel for the parties of the location of the May 7, 1985 hearing. The notice was published in the Federal Register on April 19, 1985.

On April 26, Dr. Fitzhugh, by his lawyer, Mr. Gavin, made a motion in the criminal case asking U.S. District Judge Charles R. Richey to enforce the plea agreement. It was their contention that because surrender of Dr. Fitzhugh's DEA registration was limited to schedule II substances, the government was barred from seeking, through the DEA, any revocation of other certificates registered to him. This was the same contention which Judge Young ruled was abandoned by Dr. Fitzhugh and his lawyer when, before him, they did not support their position with a memorandum, although they had been given the opportunity to do so. The government, on May 6, 1985, represented by the Assistant United States Attorney in the criminal case, answered the motion stating its grounds in opposition. Judge Richey called a status conference on the matter at 9:30 a.m., May 7, the same morning that Judge Young had set the administrative proceedings for hearing at 10:00 a.m. Mr. Gavin called the DEA attorney in the administrative proceeding and told her that instead of appearing before Judge Young, he was going before Judge Richey to seek an order that would either postpone or delay the administrative case. Mr. Gavin also called Judge Young; but from these conversations, Mr. Gavin knew that the administrative proceeding was going to be called for hearing at 10:00 a.m., as scheduled.

This is what occurred. The administrative proceeding was convened at the scheduled time. Present was the DEA attorney Ms. Charlotte A. Johnson, with her witness, prepared to proceed; Dr. Fitzhugh and Mr.

Gavin were absent. Judge Richey did not issue any order staying the administrative proceeding. He did, however, request of the government lawyer that he obtain a delay of the proceedings before Judge Young to permit briefing of the issue raised in the criminal case concerning the plea agreement. This request was not granted by Judge Young. At the insistence of the DEA attorney, the hearing proceeded. The only witness called was the officer who had investigated Dr. Fitzhugh and had given testimony in the criminal case. He testified before Judge Young about the events that led to Dr. Fitzhugh's prosecution and conviction. Exhibits were offered and received in evidence, all showing the charges against Dr. Fitzhugh, his plea agreement, the surrender of his schedule II certificate of registration, and the judgment of conviction against him. At about 12:00 noon, after the DEA witness had testified a little more than a half hour, and gave testimony that consisted of 14 pages in the report of proceedings, Dr. Fitzhugh and Mr. Gavin appeared at the hearing.

Mr. Gavin objected to evidence being heard in Dr. Fitzhugh's absence and he requested a postponement of the hearing until the following day at 10:00 a.m. so he could present documents to Judge Richey, motion papers asking for a stay of the administrative proceeding. Mr. Gavin's objections and his request for postponement were denied by Judge Young. The DEA witness continued his testimony, over Mr. Gavin's objections; and when he concluded, Mr. Gavin refused to cross-examine him, although urged to do so by Judge Young who summarized the witness' prior testimony.

Mr. Gavin then called Dr. Fitzhugh as the respondent's only witness. He testified and was cross-examined. This concluded the presentation of evidence; Judge Young then scheduled the time for the parties to suggest corrections of the record and submit their proposed findings of fact and conclusions of law. On September 3, 1985, after considering the written submissions of the parties, Judge Young issued his opinion and recommended ruling, findings

of fact, conclusions of law, and decision. He found that Dr. Fitzhugh had been convicted of a controlled substances-related felony; that there was no indication that Dr. Fitzhugh realized his actions were wrong or regretted them; and that the evidence did not show Dr. Fitzhugh would refrain from such illegal actions in the future. Judge Young recommended to the administrator that he revoke Dr. Fitzhugh's DEA certificate of registration authorizing him to dispense controlled substances in schedules III through V. The administrator adopted Judge Young's recommendations. He examined the factual basis of Judge Young's findings and conclusions, including the issue concerning the plea agreement in the criminal case. He concluded that the plea agreement did not bar revocation of the registration; and that continued registration of Dr. Fitzhugh posed a serious risk to the safety of the public, its health and welfare. The administrator revoked Dr. Fitzhugh's certificate of registration, effective January 6, 1986.

## II

Dr. Fitzhugh, still represented by Mr. Gavin, now argues that Judge Young's findings of fact, conclusions of law, decision, and recommendation violated agency procedures, abridged his constitutional rights and were contrary to law because Judge Young heard part of the administrative case in the absence of Dr. Fitzhugh, and because he denied requests that the hearing be continued. It is insisted before us that the administrator's order of revocation was improper because it was arbitrary and capricious, tainted by bias, the result of an ex parte proceeding, and not based on a full and fair record.

## III

In appraising the merits of these arguments, we notice that for more than a month before May 7, 1985, Dr. Fitzhugh and his lawyer, Mr. Gavin, knew the date, location, and time of the hearing that was scheduled before Administrative Law Judge Francis L. Young. However, for reasons best understood by them, Dr. Fitzhugh and his lawyer decided not to appear before Judge Young; instead they went

before United States District Judge Charles R. Richey for the ostensible purpose of obtaining a stay order that would have either delayed or postponed the administrative proceedings.

A stay order is itself an injunction; and in most jurisdictions, it is immediately appealable. *See Washington Suburban Sanitary Comm'n v. C.I. Mitchell & Best Co.*, 495 A.2d 30, 303 Md. 544 (1985); *Medline Industries, Inc. v. Pascal*, 319 N.E.2d 310, 23 Ill.App.3d 346 (1974). In the district court where Dr. Fitzhugh appeared seeking such an injunctional order, he was required to request it by a document separate from the pleading; and he had to support the application with all affidavits on which he intended to rely. *See* Fed. Proc. Rules Service, District Court for the District of Columbia, R. 205(c), 1986 Supp. But when Mr. Gavin appeared with his client before Judge Richey, he did not have the necessary separate document; he was not prepared, even though he was seeking a stay or delay of the proceedings before Judge Young. This apparently was one of the reasons Judge Richey would not issue a stay order; instead, he suggested to the Assistant United States Attorney in the criminal case that the matter before Judge Young be delayed long enough to allow him time to consider a properly documented motion by Dr. Fitzhugh to enforce the plea agreement, and possibly the entry of an order that would have either delayed or postponed the administrative proceeding.

■ Meanwhile the DEA attorney was before Judge Young. She had been punctual; and she was ready to proceed. She had her only witness with her, and had the documents which showed that Dr. Fitzhugh had been convicted of a drug-related felony in the United States District Court. Proof of this fact is an authorized statutory basis for revoking Dr. Fitzhugh's DEA certificate of registration. 21 U.S.C. § 824(a)(2). When Judge Richey's suggestion regarding a delay was transmitted to her, she insisted that since no stay order had been issued by Judge Richey, the administrative proceeding before Judge Young should be heard so that her only witness would not be inconvenienced, and the agency she represented not be prejudiced. Judge Young sustained her position. In our judgment, she was correct in her insistence; and Judge Young ruled in accordance with established case law.

■ "It is well established that the grant or denial of a continuance is within the discretion of the ALJ and will not be overturned absent a clear showing of abuse." *PATCO v. Federal Labor Relations Authority*, 685 F.2d 547, 588 (D.C.Cir.1982) (quoting *N.L.R.B. v. Pan Scape Corp.*, 607 F.2d 198, 201 (7th Cir.1979). In deciding whether to grant a continuance, the ALJ may consider: (1) the length of the delay requested, (2) the potential adverse effects of the delay, (3) the possible prejudice to the moving party if denied a delay, and (4) the importance of the testimony that may be adduced if the delay is granted. *PATCO*, 685 F.2d at 588. An abuse of discretion will be found only where the grant or denial of a continuance "is demonstrated to clearly prejudice the appealing party." *Pan Scape*, 607 F.2d at 201. Because the continuance was not sought to obtain the testimony of additional witnesses, only the first three factors are relevant to our analysis.

With regard to the length of delay requested, while Mr. Gavin technically sought a postponement of the administrative proceedings only until 10:00 a.m. the following day so that he could properly present his motion for a stay to Judge Richey, what he actually sought was a delay until after Judge Richey ruled on the substance of the motion to stay. There was no way of knowing how long the administrative proceeding would have been delayed because Judge Young was not told how long it would have taken Judge Richey to rule on the stay motion.

The second *PATCO* factor, the adverse effect of a delay, supports Judge Young's decision. A delay of this nature should happen only in very unusual and limited circumstances; Congress did not contemplate that administrative proceedings be held in abeyance while parties seek orders from the courts to prevent abuse or misuse of power by prior restraint. *Wolf Corp. v. Securities and Exchange Comm'n*, 317 F.2d 139, 142–43 (D.C.Cir.1963). As this court has had occasion to say, "administra-

tive proceedings cannot be stopped to allow for excursions in the courts with prolonged evidentiary hearings...." *Securities and Exchange Comm'n v. R.A. Holman & Co.,* 323 F.2d 284, 287 (D.C.Cir.1963). Absent exceptional circumstances, judicial review or intervention should take place in such proceedings only when agency action is final and all administrative remedies have been exhausted. *Peter Kiewit Sons' Co. v. United States Corps of Eng'rs,* 714 F.2d 163, 167 (D.C.Cir.1983). Granting Dr. Fitzhugh's motion for a continuance would have been contrary to these well established rules.

As to the third factor, possible prejudice to the moving party if denied a delay, it is clear that the denial of the continuance did not prejudice petitioner. The decision of Judge Young was based on Dr. Fitzhugh's drug related felony conviction and his apparent lack of remorse, not on any underlying facts surrounding his conviction. Here, as in *Pan Scape,* what precluded Dr. Fitzhugh's participation in the proceedings was not the denial of the continuance, but an affirmative decision by him and his lawyer not to participate. *Pan Scape,* 607 F.2d at 201. Under these circumstances, the court concludes that neither Judge Young's decision to proceed in Dr. Fitzhugh's absence, nor his refusal to grant a continuance, was an abuse of discretion.

Moreover, even if we view Mr. Gavin's request as for a stay only until the following morning, Judge Young still was justified in denying it in light of the context in which it was made. This was Gavin's second request for a stay and it came only after the lawyer declined to return to the administrative hearing after the first request had been denied. The motion thus occurred as part of an ongoing battle of nerves that threatened Judge Young's control of his courtroom. Given those circumstances, the denial was "a reasonable exercise of the ALJ's discretion." *Pan Scape,* 607 F.2d at 202.

■ Further, Judge Young's decision was not biased; it was eminently fair. Despite having ruled that the issue raised concerning the guilty plea had been waived, he went beyond Dr. Fitzhugh's conviction, considered whether the plea

agreement barred the revocation; but resolved the issue against Dr. Fitzhugh. Judge Richey reached the same conclusion in the proceedings that had been instituted before him; and in *United States v. Fitzhugh,* 801 F.2d 1432 (D.C.Cir.1986), this court affirmed. We find no basis to sustain the contention now being made that the administrative proceedings which led to revocation of Dr. Fitzhugh's certificate of registration was the result of an ex parte proceeding, and not based on a full and fair record. To the extent that Judge Young heard evidence in the absence of Dr. Fitzhugh, it was made necessary by Dr. Fitzhugh's voluntary absence from the proceedings before him, an absence that was advised and approved by his lawyer.

■ The administrator reviewed the entire administrative record and adopted the recommended ruling, findings of fact and conclusions of law made by Judge Young. His order revoking Dr. Fitzhugh's certificate of registration was not arbitrary and capricious; it was based on Dr. Fitzhugh's conviction for a drug-related felony. Under 21 U.S.C. § 824(a)(2), the administrator of the DEA is authorized to revoke or suspend the registration of individuals convicted of felonies relating to controlled substances. *Kirk v. Mullen,* 749 F.2d 297, 299–300 (6th Cir.1984). Dr. Fitzhugh clearly fell into this category, and the revocation of his registration was within the administrator's authority. *See e.g., Noell v. Bensinger,* 586 F.2d 554 (5th Cir.1978); *Sokoloff v. Saxbe,* 501 F.2d 571 (2d Cir.1974); *River Forest Pharmacy, Inc. v. Drug Enforcement Admin.,* 501 F.2d 1202, 1206 (7th Cir.1974). These are the reasons that lead us to affirm the order of the administrator. He made "an allowable judgment in [his] choice of remedy...." *Butz v. Glover Livestock Comm'n Co.,* 411 U.S. 182, 189, 93 S.Ct. 1455, 1459, 36 L.Ed.2d 142 (1973) (quoting *Jacob Siegel Co. v. F.T.C.,* 327 U.S. 608, 612, 66 S.Ct. 758, 760, 90 L.Ed. 888 (1946)).

*Affirmed.*