Jacqueline M. KING, Petitioner,

v.

DISTRICT OF COLUMBIA WATER
AND SEWER AUTHORITY,
Respondent.

No. 00–AA–349.

District of Columbia Court of Appeals.

Submitted March 21, 2002.

Decided July 25, 2002.

Jacqueline M. King filed a brief pro se.

Robert R. Rigsby, Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and James C. McKay, Jr., Senior Assistant Corporation Counsel, were on the brief for respondent.

Before TERRY, STEADMAN and FARRELL, Associate Judges.

STEADMAN, Associate Judge.

The District of Columbia Water and Sewer Authority ("WASA") dismissed with prejudice petitioner's protest of four water bills after petitioner failed to appear at a hearing. Petitioner urges us to reverse WASA's order on the grounds that dismissal is improper for a single act of nonappearance, when inclement weather impeded her appearance and petitioner attempted to reschedule in a reasonably timely fashion. We reverse WASA's dismissal and remand the case for further proceedings.

## I.

On February 27, 1999, petitioner challenged her February 17, 1999 water bill. In response, a WASA representative performed an inspection at her property on April 28, 1999, that uncovered a leaky toilet. Given the leak, WASA concluded the challenged charge was valid and payable. Petitioner then sought administrative review of this decision, which resulted in a hearing before a Hearing Officer on September 22, 1999.[1] Petitioner and a WASA representative agreed at the hearing to a settlement in which charges for three of the four water bills in question would be reduced.[2] However, before the settlement would take effect, petitioner was required to submit a plumber's report on the leaking toilet to WASA by October 13, 1999.

As of December 1, 1999, petitioner had failed to submit this report, so the Hearing Officer proceeded to decide the case on the merits. A hearing was scheduled for February 18, 2000 at 9:00 a.m., which petitioner failed to attend. In a phone call that same morning and in a letter sent the day after, petitioner requested a continuance,[3] explaining that she had not attended because of inclement weather. She noted that the District of Columbia had closed its public schools on February 18 and had instituted a liberal leave policy for government employees because of "snow, sleet and freezing rain." She said that she was "deathly afraid of falling on the ice" if she had tried to attend and that she already had a knee injury that forced her to walk with a cane. She claimed that she had attempted to contact WASA between 8:30 and 9:30 a.m. on February 18 so she could reschedule and that when she finally got through around 9:30 a.m., she was rebuffed.

The Hearing Officer in a February 24, 2000 order denied petitioner's request for a continuance and dismissed with prejudice her protest of the four water bills.[4]

---

1. WASA regulations provide that after WASA has investigated a contested water bill and rendered a decision, the owner or occupant may appeal this decision by filing a petition for an administrative hearing. 21 DCMR § 409.2. The owner or occupant may appear at the hearing with counsel, may present evidence, and may conduct cross-examination if needed. 21 DCMR § 410.3. The Hearing Officer will then issue a final decision regarding the contested bill. 21 DCMR § 422. No further administrative review appears to be possible.

2. Besides the February 17 bill, the hearing also addressed petitioner's challenge to water bills from November 17, 1998, May 17, 1999, and August 11, 1999.

3. "[A WASA] hearing officer may agree to reschedule [a] hearing upon the written request of one of the parties for good cause shown or upon the consent of all parties." 21 DCMR § 415.2 (2002). While petitioner's February 18 phone call did not comply with § 415.2's requirement that a request for a continuance be in writing, her February 19 letter did.

4. 21 DCMR § 415.3 provides that "[t]he failure to appear at [a] scheduled hearing or to request, in advance, that the scheduled hearing be postponed, *may* result in a default judgment." (emphasis added).

He noted that the District government had not been shut down on February 18 and that all the other interested persons had managed to attend the hearing. In contrast to petitioner's allegation, he found that petitioner did not contact WASA before 9:50 a.m. on February 18. The Hearing Officer concluded that requesting a continuance 50 minutes after a hearing's start time was inexcusable when petitioner should have known the night before of the inclement weather predicted for the date of the hearing.

## II.

Petitioner contends that the Hearing Officer's intertwined decisions to deny her request for a continuance and to dismiss with prejudice her claims were an abuse of discretion.[5] "Under our 'limited' review of agency decisions, we must affirm unless we conclude that the agency's ruling was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Olson v. District of Columbia Dep't of Empl. Servs.*, 736 A.2d 1032, 1037 (D.C. 1999) (citations omitted); *see* D.C.Code § 2–510(a)(3) (2001). In reviewing an administrative denial of a motion for continuance or a dismissal with prejudice, we are guided by precedents from both agency and trial court settings. *See Murphy v. A.A. Beiro Constr. Co.*, 679 A.2d 1039, 1043–44 (D.C.1996) (per curiam).

"A request for a continuance is addressed to the sound discretion of an agency ... and will be set aside only for an abuse of discretion." *Id.* at 1043 (citations omitted); *see also Metropolitan Baptist Church v. District of Columbia Dep't of Consumer and Regulatory Affairs—Historic Preservation Review Bd.*, 718 A.2d 119, 125 (D.C.1998); *Fitzhugh v. DEA*, 259 U.S.App. D.C. 127, 131, 813 F.2d 1248, 1252 (1987). "Factors relevant to determining whether the trial court or agency abused its discretion [in denying the request] include the reasons for the request for continuance, the prejudice that would result from its denial, the parties['] diligence in seeking relief, any lack of good faith, and any prejudice to the opposing party." *Murphy, supra*, 679 A.2d at 1043. "The denial of a continuance will be reversed when a continuance is needed to avoid material hardship and injustice." *Id.* (citation and internal quotation marks omitted); *see also* 73A C.J.S. *Public Administrative Law and Procedure* § 137 (1983) ("[T]he refusal by an administrative agency to grant a continuance of a hearing clearly required by the ends of justice is an abuse of discretion.").

Application of the *Murphy* factors to the present circumstances leads us to the conclusion that the Hearing Officer

---

5. Petitioner also raises other arguments in her appeal, which we summarily reject. We find no merit in her challenges involving the settlement agreement. Petitioner first contends that the Hearing Officer improperly imposed the plumber's report as a requirement. However, the record contains evidence that petitioner agreed to this requirement and promised to submit the report before the deadline. Significantly, petitioner has not alleged that imposition of the report was the result of fraud, duress or mistake. *Cf. Fields v. McPherson*, 756 A.2d 420, 424 (D.C.2000). Petitioner next argues that the Hearing Officer improperly set aside the settlement. Given petitioner's failure to timely produce a document needed for the settlement to take effect, we find the Hearing Officer's action to be appropriate in the circumstances of this case.

Finally, petitioner contends that consumer complaints against WASA should be regulated by the Public Service Commission. Given petitioner's failure to raise this argument previously before the agency, we decline to address it. *See Jewell v. District of Columbia Police & Firefighters Retirement & Relief Bd.*, 738 A.2d 1228, 1231 (D.C.1999).

abused his discretion.[6] First, petitioner asserted that the inclement weather combined with her fragile health prevented her from attending the hearing. Weather severe enough to close District schools, even if it does not shut down the government, surely can be viewed as a plausible reason for one in petitioner's condition not to appear. Also, a request for a continuance when "attendance at [a] hearing would involve a serious risk to ... health" should not be denied. *State Bd. of Medical Education & Licensure v. Williams,* 172 Pa.Super. 448, 94 A.2d 61, 62 (1953). Significantly, the Hearing Officer did not contest in any way petitioner's assertions regarding the weather, the school closure, the liberal leave policy, or her health.

Furthermore, petitioner's justification is clearly superior to excuses we have previously rejected for not demonstrating good cause for a party's nonappearance at an administrative hearing, *e.g.,* a party's mistaken belief as to the date of the hearing, *Gardner v. District of Columbia Dep't of Empl. Servs.,* 736 A.2d 1012, 1018 (D.C. 1999), or a party's counsel being out of town on the hearing date for unknown reasons, *Ammerman v. District of Columbia Rental Accommodations Comm'n,* 375 A.2d 1060, 1064 (D.C.1977). Petitioner's situation is more analogous to that of the District of Columbia in *Murphy, supra.* In that case, the District's lead counsel in a complicated case resigned without prior notice just three days before an agency trial, yet the Contract Appeals Board denied the District's motion for continuance. In reversing the Board's denial, we stated that "the District had [offered] a most compelling reason" for a continuance. 679 A.2d at 1043. Petitioner too has given what appears to be a "compelling reason" for her failure to appear, and like the District in *Murphy,* the reason itself was beyond her control.

Next, it is apparent that petitioner was prejudiced by the Hearing Officer's decision. "The purpose of hearings held under this section is *to provide an owner or occupant an opportunity* to appeal the decision of the General Manager pertaining to ... the validity of any water, sewer, or groundwater sewer service charge...." 21 DCMR § 410.1(a) (emphasis added).[7] Because of the Hearing Officer's action, petitioner completely lost the opportunity afforded her by WASA regulations to contest four of her water bills.[8] As for prejudice to the opposing party, the Hearing Officer viewed it as consisting of "all of those persons[, *i.e.,* WASA's representative, WASA's inspector and the Hearing Officer himself] ... present for the hearing [who] were kept ... waiting doing nothing for approximately 50 minutes." While we have no wish to minimize this consideration, we cannot say such preju-

6. "While it is perhaps superfluous, we nevertheless note that abuse of discretion is a phrase which sounds worse than it really is.... The term does not imply ... any reflection on the judge." *King v. United States,* 550 A.2d 348, 353 n. 3 (D.C.1988) (citation and internal quotation marks omitted) (alteration in original).

7. We quote from the regulation in effect at the time of this proceeding. This guideline was subsequently amended. *See* 48 D.C.Reg. 1743, 1753 (2001).

8. WASA regulations do not appear to provide any mechanism for challenging an entry of default for failure to appear, unlike those of other agencies. *See* 14 DCMR § 4013.1(a) (Rental Accommodations and Conversion Division Hearings); 7 DCMR § 307.4 (Unemployment Compensation Hearings); *see also* Super. Ct. Civ. R. 41(b) (party whose claim is dismissed by the court *sua sponte* may challenge decision within 14 days). Thus, petitioner lacked any means through the agency's procedures to remedy the prejudice she had suffered.

dice justified denial of a motion for continuance in the circumstances here.

Understandably, the Hearing Officer was particularly concerned by the fact that petitioner had failed to ask for a continuance prior to the scheduled time for the hearing, as technically required by the agency's regulations.[9] "There is no doubt that continuances can upset an agency's attempts to control its workload and to dispose of the cases before it expeditiously," *Ammerman, supra,* 375 A.2d at 1063, and that "[l]ast minute requests for a continuance are generally viewed with disfavor." *Liebel v. Unemployment Compensation Bd. of Review,* 125 Pa.Cmwlth. 565, 558 A.2d 579, 581, n. 4 (1989) (citation omitted). Furthermore, petitioner's failure to appear at her hearing is akin to a plaintiff's nonappearance at trial, which we have characterized as "one of the most serious lapses a plaintiff can commit." *Van Man v. District of Columbia,* 663 A.2d 1245 (D.C.1995).

But we are not faced here with a situation of a classic no-show. On the contrary, within less than an hour of the appointed time, petitioner sought relief, with a plausible explanation. The Hearing Officer appeared to rely on his view that "[w]eather advisories were given the day before the scheduled hearing," so petitioner "should have well known before 9:50 a.m. on the day of the scheduled hearing whether she would be able to attend the hearing or whether she would prefer to have it postponed." We think this puts excessive weight on both knowledge of and the accuracy of overnight weather predictions. *Cf.*

*Croce v. Hall,* 657 A.2d 307, 311 (D.C.1995) (landlord not required to monitor weather reports for "potentially dangerous weather conditions").[10] We additionally note that, so far as the record indicates, petitioner's motion was her first and only request for a continuance. *Cf. Fitzhugh, supra,* 259 U.S.App. D.C. at 132, 813 F.2d at 1253; *Liebel, supra,* 558 A.2d at 581 (agency denial more likely to be upheld where numerous continuances had already been sought).

Here, not only was the continuance denied but the protest dismissed with prejudice. As we have previously noted, "[d]ismissal [of an administrative claim] is a drastic remedy...." *Mullin v. District of Columbia Rental Hous. Comm'n,* 747 A.2d 135, 138 (D.C.2000); *see also Murphy, supra,* 679 A.2d at 1044 (an agency's "entry of a default judgment is an extreme sanction, and it should be imposed only upon a showing of severe circumstances."). Our case law relating to trial judges likewise counsels "[t]he trial court ... [to] be especially cautious where it chooses to impose the very severe sanction of dismissal[, which] ... should be imposed 'sparingly.'" *Redman v. Kelty,* 795 A.2d 684, 687 (D.C. 2002) (citations omitted). We must conclude that the Hearing Officer's rulings under review here cannot be sustained. Accordingly, the agency's decision is reversed and the case is remanded for a hearing on the merits.

*Reversed and remanded.*

---

**9.** See note 4, *supra.*

**10.** The Hearing Officer also faulted petitioner for not at least attempting to call in earlier in the morning. There was a factual dispute in that regard. But in any event, it would appear that a call an hour or two earlier would only marginally have reduced the prejudice to

the agency. Conceived of as the functional equivalent of a dismissal with prejudice for failure to prosecute, see our admonitions to trial judges for caution even in that regard. *See, e.g., Smith v. Fairfax Vill. Condo.,* 775 A.2d 1085, 1094 (D.C.2001).