**NURSING UNLIMITED SERVICES, INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 08–AA–111.**

District of Columbia Court of Appeals.

Submitted May 14, 2009.

Decided June 11, 2009.

Wendell C. Robinson filed a brief for petitioner.

Brittany S. Carrington, pro se, did not file a brief.

Before GLICKMAN and BLACKBURNE–RIGSBY, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

Petitioner, Nursing Unlimited Services, Inc., appeals an Office of Administrative Hearings (OAH) final order reversing a Department of Employment Services (DOES) claims examiner's determination that Brittany S. Carrington was ineligible for unemployment benefits. Petitioner argues on appeal that (1) the Administrative Law Judge (ALJ) abused his discretion in denying petitioner's motion to dismiss, (2) the ALJ abused his discretion in denying petitioner's motion for a continuance of the OAH hearing, and (3) the DOES claims examiner's determination was supported by substantial evidence. We disagree and affirm.

## I.

Carrington filed for unemployment after she was fired by petitioner. A DOES claims examiner denied unemployment benefits to Carrington because her "repeated failure to report to work" constituted misconduct. Carrington appealed to OAH, raising the issue "whether ... Nursing Unlimited Services, Inc., discharged [Carrington] for cause constituting 'misconduct.'" OAH served a Scheduling Or-

der and Notice of In–Person Hearing on the parties on January 15, 2008, setting the hearing for February 1, 2008. Neither Carrington nor petitioner were present at the hearing on February 1, but petitioner's counsel entered an appearance. At the hearing, petitioner's counsel requested dismissal because Carrington had failed to appear, and then requested a continuance because he "had insufficient opportunity to prepare," owing to his participation in a separate trial. The ALJ denied both requests, noting that petitioner's counsel did not establish good cause for a continuance.

## II.

In his final order, the ALJ cited D.C.Code § 51–109 (2001), providing that an individual who meets certain requirements will ordinarily receive unemployment benefits, as well as D.C.Code § 51–110 (2001), which contains exceptions to the aforementioned provision, including employee misconduct. The ALJ, recognizing that the employer bears the burden of proof, by a preponderance of the evidence, that an employer has discharged an employee for misconduct, *see McCaskill v. District of Columbia Dep't of Employment Servs.*, 572 A.2d 443, 445 (D.C.1990) (internal citation omitted), reversed the DOES claims examiner's determination because there was "no evidence in the record establishing misconduct or any other reason for disqualification."

With regard to petitioner's request for a continuance, the ALJ noted that information included with the Scheduling Order for the hearing before OAH stated that any request for a continuance should be filed in writing "at the earliest possible time" and should "clearly state good cause for a change," as well as "when and how [the party] tried, in good faith, to contact the other side to ask that party to agree to the change." The ALJ further noted:

Employer's counsel ... did not seek a continuance in this matter in the days preceding the scheduled hearing date. Nor did [counsel] seek a continuance of the matter when the hearing commenced. It was not until after I explained that it was Employer's burden to establish misconduct ... and noted that there were no Employer witnesses present at the hearing to do so, that [counsel] for the first time requested a continuance in the matter. [Counsel] stated that he was ill-prepared to go forward in the matter, that he had been in trial since the beginning of the week, and that he had not had sufficient time to discuss the case with his client. [Counsel] did not explain on the record why he failed to bring his witnesses to the hearing nor why he did not seek a continuance at some point prior to my discussion of the burden of proof in this matter. [Counsel] also did not state whether he contacted the opposing party to seek her consent for a continuance of the matter and I presume, given the timing of [counsel's] request, that he did not.

The ALJ, in denying petitioner's request for a continuance, concluded that "an attorney's failures to properly prepare for the hearing, and to ensure that his witnesses are present at the hearing, do not constitute good cause to continue the hearing." The ALJ then reversed the DOES claims examiner's determination and ordered that Carrington was eligible for unemployment compensation.

## III.

 Petitioner argues that Carrington's failure to appear before OAH constituted an "abandonment" of her appeal that mandated dismissal. We have held, however, that although "a claimant's failure to appear at a hearing where he or she bears

the burden of proof might lead to dismissal for failure to meet that burden, a failure to appear at a hearing where the opposing side bears the burden of proof is no different from appearing and declining to testify." *McCaskill, supra,* 572 A.2d at 446 (footnote omitted). Petitioner's reliance on *Stancil v. District of Columbia Rental Hous. Comm'n* is therefore misplaced. 806 A.2d 622, 625 (D.C.2002) (upholding Rental Housing Commission's dismissal of landlord's appeal of Rent Administrator's decision in favor of tenant based on "the proposition that dismissal is an appropriate sanction when an appellant is not diligent about prosecuting his appeal."); *see also King v. District of Columbia Water & Sewer Auth.,* 803 A.2d 966, 970 (D.C.2002) ("[P]etitioner's failure to appear at her hearing [to contest Water and Sewer Authority's conclusion that challenged charge was valid and payable] is akin to a plaintiff's nonappearance at trial, which we have characterized as 'one of the most serious lapses a plaintiff can commit.' ") (quoting *Van Man v. District of Columbia,* 663 A.2d 1245 (D.C.1995)). Because "dismissal without addressing the merits is improper" where the burden of proof is not on the party who fails to appear, as is the case here, the ALJ did not abuse his discretion in denying petitioner's motion to dismiss. *McCaskill, supra,* 572 A.2d at 446 n. 3.[1]

◼ Similarly, we conclude that the ALJ did not abuse his discretion in denying petitioner's motion for a continuance. As we have noted, "A request for a continuance is addressed to the sound discretion of an agency . . . and will be set aside only for an abuse of discretion." *King, supra,* 803 A.2d at 968 (quoting *Murphy v. A.A. Beiro Constr. Co.,* 679 A.2d 1039, 1043 (D.C.1996) (per curiam)); *see also Ammerman v. District of Columbia Rental Accommodations Comm'n,* 375 A.2d 1060, 1063 (D.C.1977) ("There is no doubt that continuances can upset an agency's attempts to control its workload and to dispose of the cases before it expeditiously."). In reviewing an ALJ's decision to deny a request for a continuance we will consider "the reasons for the request for continuance, the prejudice that would result from its denial, the parties['] diligence in seeking relief, any lack of good faith, and any prejudice to the opposing party." *King, supra,* 803 A.2d at 968 (quoting *Murphy, supra,* 679 A.2d at 1043). The ALJ's reasoning, noted above, is far from an abuse of discretion, but rather reflects OAH's authority and duty to manage its calendar,[2] as well as the ALJ's reasoned consideration of petitioner's motivation in seeking the continuance. *See* 1 DCMR § 2800.3 (2006) ("[OAH] Rules shall be construed and administered to secure the just, speedy and inexpensive determination of every case.").

◼ Finally, petitioner argues that the DOES claims examiner's finding that Carrington was ineligible for benefits because of her misconduct was supported by substantial evidence. Whether the DOES claims examiner's finding was supported by substantial evidence is irrelevant to OAH's review of the claims examiner's determination of Carrington's eligibility for

---

1. Unlike in *Kidd Int'l Home Care, Inc. v. Prince,* where we reversed and remanded an OAH "default award" of unemployment compensation in favor of a claimant for the employer's failure to appear at the OAH hearing, petitioner had notice of Carrington's appeal and the hearing scheduled before OAH. 917 A.2d 1083, 1084, 1088 (D.C.2007) ("[Employer] represent[ed], without contradiction, that it did not receive notice of the hearing.").

2. The ALJ stated in his final order that OAH "schedules hearings for as many as 24 unemployment benefits appeals a day."

unemployment compensation. Administrative review of unemployment compensation determinations is de novo, and OAH owes no deference to a DOES claims examiner's determination of eligibility for unemployment compensation. *See Rodriguez v. Filene's Basement Inc.*, 905 A.2d 177, 179–80 (D.C.2006) (OAH "properly did not accord [a DOES claims examiner's] determination any deference."). Therefore, absent additional evidence on appeal to OAH, the ALJ had no evidence with which to affirm the DOES claims examiner's determination and petitioner failed to satisfy its burden of proof. Accordingly, the judgment on appeal is affirmed.