# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-01800-SCT

*DARRELL KING AND MARY KING*

*v.*

*CHARLES E. BUNTON, III, MISSISSIPPI*
*HOUSING AUTHORITIES RISK MANAGEMENT,*
*INC., AND THE HOUSING AUTHORITY OF THE*
*CITY OF VICKSBURG*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/2008 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | RAJU AUNDRE' BRANSON |
| ATTORNEYS FOR APPELLEES: | STEVEN LLOYD LACEY |
| | DAVID A. BARFIELD |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 03/25/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The trial court set aside an entry of default and dismissed plaintiffs' claims against

two defendants.  Plaintiffs appeal.  We affirm.

## FACTS AND COURSE OF PROCEEDING

¶2.     On August 26, 2004, Darrell and Mary King ("the Kings") were involved in a motor-

vehicle collision with Charles E. Bunton.  Although the vehicle driven by Bunton was owned

by his employer, the Housing Authority of the City of Vicksburg ("HACV"), the accident

report erroneously listed it as owned by HACV's insurer, the Mississippi Housing Authorities Risk Management, Inc. ("MHARM").

¶3. On October 19, 2004, the Kings' counsel sent a demand letter to MHARM, but addressed it to "Mississippi Housing Authority."[1] A response to the demand letter came from MHARM's third-party claims administrator, Gallagher Bassett Services, Inc., who referenced its client as "Mississippi Housing Authorities."

¶4. On August 15, 2005, the Kings addressed and mailed Mississippi Tort Claims Act notice-of-claim letters to HACV, MHARM, the City of Vicksburg, and other entities. Seven days later, the Kings filed suit against MHARM,[2] HACV, and Bunton. Although HACV is an independent entity, separate and distinct from the City of Vicksburg, the complaint erroneously described HACV as an entity of the City of Vicksburg, and erroneously listed Vicksburg's mayor as HACV's agent for service of process.

¶5. On December 16, 2005, Bunton was served with a copy of the summons and complaint. On April 19, he filed a motion to dismiss, claiming, *inter alia,* immunity under the Mississippi Tort Claims Act, and failure to provide proper notice under the MTCA. After obtaining an extension of time, the Kings served MHARM on April 20, 2006. On May 1 and 24, 2006, entries of default were entered against Bunton and MHARM respectively for failing to answer or respond to the complaint within thirty days.

---

[1]From a review of the record, there does not appear to be an entity named "Mississippi Housing Authority."

[2]The complaint states "Charles E. Bunton III, was driving a vehicle owned by Mississippi Housing Authorities Risk Management, Inc. . . ."

2

¶6. On August 31, 2006, the trial court set aside the entries of default against Bunton and MHARM, allowed the Kings to amend their complaint to include HACV as a party, and dismissed the City of Vicksburg. The order also dismissed MHARM, stating that it was never a proper party to the lawsuit.

¶7. The plaintiffs filed an amended complaint, naming Bunton, HCAV, and MHARM[3] as defendants. On January 5, 2007, the defendants filed a motion to dismiss the amended complaint. MHARM argued that it should be dismissed because it was merely HACV's insurer, and it neither owned the vehicle nor had it ever employed Bunton. Bunton and HACV argued that they should be dismissed because the Kings had failed to comply with the ninety-day pre-suit notice requirement of the MTCA.

¶8. The trial judge again dismissed MHARM. However, he held that HACV or Bunton would not be dismissed because the Kings' amended complaint was filed more than ninety days after the MTCA notice, causing it to relate back to the filing of the original complaint. HACV and Bunton filed a petition for interlocutory appeal, arguing that filing an amended complaint does not cure the failure to comply with the MTCA's notice requirement. We granted the petition and held that the Kings did not provide the required notice, and "the trial court erred when it failed to grant Bunton's motion to dismiss." **Bunton v. King**, 995 So. 2d 694, 696 (Miss. 2008). In compliance with our remand order, the trial court dismissed HACV and Bunton.

---

[3]The amended complaint erroneously alleged that "Bunton . . . was acting as an employee and agent of defendant, Mississippi Housing Authorities Risk Management, Inc. . . ."

3

## ANALYSIS

¶9.     The Kings raise the following three issues on appeal: (1) Whether the trial court erred by dismissing MHARM; (2) whether Bunton and HACV should be estopped from asserting a defense under the  MTCA; and (3) whether the trial court erred by setting aside the entries of default against Bunton and MHARM.

## I.

¶10.     The Kings first argue that it is error for the trial court to dismiss HACV's insurer, MHARM, because the accident report listed MHARM as the owner of the vehicle.  The Kings further argue that "the lack of discovery has not allowed [them] to obtain the necessary answers."  We review de novo the grant or denial of a motion to dismiss.  ***Ralph Walker, Inc. v. Gallagher***, 926 So. 2d 890, 893 (Miss. 2006).

¶11.     The Kings argue that, because Bunton could not be found, they were unable to obtain discovery from him.  They assert that "[t]he lack of discovery in this case has not allowed plaintiffs to obtain the necessary answers."  The defendants respond by pointing out that MHARM and HACV produced the purchase agreement and certificate of title application, both showing that HACV was the owner of the subject vehicle.  Additionally, the Kings were provided with affidavits by HACV and MHARM stating that Bunton was an employee of HACV and was not, and had never been, employed by MHARM.  At an August 12, 2006, hearing before the trial court, the defendants were prepared to have Bunton's immediate supervisor testify that Bunton had worked for HACV at the time of the accident.

4

¶12.    We find the Kings' argument (that MHARM might own the vehicle) disingenuous, in light of the following statement found in their brief presented to this Court in the interlocutory appeal:

> Two entities, Mississippi Housing Authorities Risk Management Inc. ("MHARM"), and the City of Vicksburg's housing authority, were mistakenly sued. Only after the defendants' pleadings and some discovery was it learned conclusively that Bunton was not a City or MHARM employee and that the "Housing Authority of the City of Vicksburg" was not a branch of municipal government.

*See Banes v. Thompson*, 352 So. 2d 812, 815 ("Judicial estoppel normally arises from the taking of a position by a party that is inconsistent with a position previously asserted.")

¶13.    The Kings rely on *Smith v. Braden*, 765 So. 2d 546 (Miss. 2000), and *Owen v. Thomae*, 759 So. 2d 1117 (Miss. 1999), for the proposition that the trial court erred by dismissing MHARM until discovery was completed. These cases involve questions of whether a person was an employee or an independent contractor, and we held in both cases that the trial court erred by granting summary judgment before the plaintiffs had an opportunity to complete discovery. We said in *Thomae*, "Contested status issues invariably require discovery. The party seeking summary judgment on the grounds that he was not responsible for another's actions typically will be the party in possession of the information necessary to determining whether he is indeed responsible." *Thomae*, 759 So. 2d at 1122. However, we went on to state that summary judgment may be appropriate "where the status has been fully fleshed out and there is no material issue of fact." *Id.*

¶14.    The Kings point to no document or source of information they sought in discovery which they assert would contradict the documents and affidavits produced by defendants.

5

Thus, we find the qualifying language from *Thomae* appropriate in the case sub judice. MHARM was properly dismissed from this action.

**II.**

¶15.    The Kings argue that Bunton and HACV should be equitably estopped from asserting MTCA defenses, including the failure to provide proper pre-suit notice. This issue previously was before this Court on interlocutory appeal, and we ordered that Bunton and HACV should be dismissed from this lawsuit because the Kings failed to strictly comply with the notice provisions of the MTCA. *Bunton***,** 995 So. 2d 696. Thus, the issue has been decided.

**III.**

¶16.    The Kings next argue that the trial court erred by setting aside the entries of default against MHARM and Bunton in its August 31, 2006, order. We previously have held that "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set aside in accordance with Rule 60(b)." Miss. R. Civ. P. 55(c). We apply an abuse-of-discretion standard to a trial court's decision regarding a motion to set aside a default judgment. *American States Ins. Co. v. Rogillio*, 10 So. 3d 463, 467 (Miss. 2009).

¶17.    Rule 55(c) of the Mississippi Rules of Civil Procedure draws a clear distinction between setting aside an entry of default and setting aside a judgment of default. This Court previously has held "there is a more liberal standard for setting aside a default than the standard for setting aside a default judgment." *Windmon v. Marshall*, 926 So. 2d 867, 871 (Miss. 2006) (quoting *King v. Sigrest*, 641 So. 2d 1158, 1162 (Miss. 1994)). We further

stated, "'[G]ood cause shown' . . . requires the moving party to provide an explanation for the default or give reasons why vacation of the default entry would serve the interests of justice." *Id.* (quoting *Allstate Ins. Co. v. Green*, 794 So. 2d 170, 179 (Miss. 2001) (Waller, J., concurring)).

¶18. The trial court determined that MHARM was never a proper defendant in this lawsuit. Similarly, under the MTCA, Bunton could not be held personally liable pursuant to Mississippi Code Section 11-46-7(2).[4] In light of these reasons, we cannot say the trial court abused its discretion by finding "vacation of the default entry [for each defendant] would serve the interests of justice." Therefore, this issue has no merit.

## CONCLUSION

¶19. MHARM was properly dismissed from this lawsuit. Bunton and HACV were ordered dismissed by this Court in a previous appeal. Finally, the trial court did not abuse its discretion in setting aside the entries of default against Bunton and MHARM. Accordingly, the judgment of the trial court is affirmed.

¶20. **AFFIRMED**.

   **WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

---

[4]"[N]o employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7(2) (Rev. 2004).