IN RE: James Frank KENNEDY, Jr., Debtor.

James Frank Kennedy, Jr., Plaintiff,

v.

Mississippi Department of Revenue, Defendant.

**BANKRUPTCY CASE NO: 14–52506–MGD**
**ADVERSARY PROCEEDING NO: 14–05237**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed March 30, 2015

Filed March 31, 2015

**31.** *Fundamental Long Term Care,* 493 B.R. at 624

James G. McGee, Jr., Law Office of James G. McGee, Jr., PLLC, Jackson, MS, for Plaintiff.

Jon F. Carmer, Mississippi Department of Revenue, Clinton, MS, for Defendant.

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND NOTICE OF TELEPHONIC STATUS CONFERENCE

Mary Grace Diehl, U.S. Bankruptcy Court Judge

This case involves the jurisdiction of the Bankruptcy Court to determine tax liability under 11 U.S.C. § 505.[1] Defendant Mississippi Department of Revenue ("Defendant") has filed a Motion to Dismiss Plaintiff's Complaint ("Motion") (Docket No. 11) and Memorandum of Law in support of the Motion. (Docket No. 13). James Frank Kennedy, Jr., the Chapter 13 Debtor ("Plaintiff"), filed a Response to the Motion ("Response"). (Docket No. 12). Defendant filed a Reply to Plaintiff's Response to the Motion ("Reply"). (Docket No. 14).

## I. Background

Plaintiff filed a Chapter 13 case on February 4, 2014. *In re James Frank Kennedy, Jr.*, Bankr. Case No. 14–52506–MGD (Bankr. N.D. Ga. Feb. 4, 2014). Plaintiff was the sole owner and managing member of Starkville State Theatre, LLC. On March 18, 2011, Plaintiff received transfer assessments ("Assessments") for both sales tax and special county and city taxes accrued while he was the owner and managing member of Starkville State Theatre, LLC. (Compl ¶ 10, Docket No. 1; Motion ¶ 1, Docket No. 11). Plaintiff filed a timely written appeal with the Defendant's Board of Review on April 15, 2011. (Motion ¶ 3, Docket No. 11; Response at 1, Docket No. 12). Defendant asserts it re-

---

1. Plaintiff's Complaint also seeks a determination as to the dischargeability of Defendant's tax claim. This aspect of the Complaint is not addressed in the Defendant's Motion to Dismiss.

sponded with a notice letter stating the time and place of the scheduled appellate hearing, July 26, 2011. (Motion ¶ 5, Docket No. 11; Response at 1–2, Docket No. 12). Plaintiff contends the letter was not properly delivered to him. (Compl.¶ 10). Plaintiff failed to attend the hearing, and Defendant subsequently advised Plaintiff via U.S. mail that the appeal had been involuntarily withdrawn as a result of his failure to appear. (Motion ¶ 6, Docket No. 11; Response at 2, Docket No. 12).

Plaintiff filed the current adversary proceeding on July 25, 2014. (Compl., Docket No. 1). The Complaint seeks three things: 1) determination of the dischargeability of any assessments of tax liabilities filed by Defendant against Plaintiff prior to April 4, 2014; 2) determination of the validity of Defendant's assessments of tax liabilities under 11 U.S.C. § 505(a); and 3) determination whether Plaintiff's failure to receive the notice letter violated his constitutional right to due process of law. (*Id.*).

The Motion seeks dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012. Defendant asserts that the Court lacks subject matter jurisdiction to determine the validity of its assessments of tax liabilities under 11 U.S.C. § 505(a) because the tax liabilities were previously "contested and adjudicated," pursuant to 11 U.S.C. § 505(a)(2). Defendant argues that Plaintiff's failure to attend the hearing resulted in an involuntarily withdrawn appeal and a final judgment under Mississippi state law. Because Plaintiff's Assessments became final under Mississippi Law, Defendant asserts that this Court is precluded from reviewing the merits under 11 U.S.C. § 505(a)(2).

Plaintiff asserts in the Response that the Court retains subject matter jurisdic-tion under 11 U.S.C. § 505(a)(1), which allows the Bankruptcy Court to determine "the amount or legality of any tax," subject to Section 505(a)(2). Plaintiff argues that the Court has jurisdiction over this based on a lack of proper contest and adjudication of the tax assessments. Plaintiff contends that the debtor's appearance and actual litigation of the issue before a competent tribunal is necessary to preclude the bankruptcy court's determination. Because Plaintiff was not present to actually litigate the merits of the tax assessment, Plaintiff argues his tax liability has not been heard on the merits, and the exceptions in Section 505(a)(2) are inapplicable. Additionally, the Plaintiff asserts that Defendant's failure to assure that Plaintiff received the notice letter with the time and date of the hearing violated his right to due process.

In the Reply, Defendant argues that actual litigation is not necessary for a claim to be contested within the meaning of Section 505(a)(2)(A). Rather, Defendant asserts that the proceeding was contested when Plaintiff filed his appeal petition with the Defendant's Board of Review and the Defendant responded. As to the claims of due process, Defendant asserts it was only required to provide notice reasonably calculated to reach the intended recipient rather than assure that Plaintiff received actual notice. Because Defendant mailed the notice letter to the address used in Plaintiff's written appeal, Defendant asserts that due process was satisfied.

## II. Standard for Motion to Dismiss

For purposes of ruling on a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, "[a] court must accept the material factual allegations in the complaint as true, but need not draw inferences favorable to the plaintiff."

*Maxwell v. HSBC Mortgage Corp. (USA)*, 2012 WL 3678609, *1 (Bankr.N.D.Ga. Aug. 22, 2012). Further, "the Court may consider materials outside of the pleadings to resolve any jurisdictional disputes, but cannot rely on conclusory or hearsay evidence. The plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence." *Id.* (internal citations omitted).

The bankruptcy court's jurisdiction is limited to "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a); 28 U.S.C. § 1334(b). In the Northern District of Georgia, the District Court has referred all proceedings within its bankruptcy jurisdiction to the bankruptcy court. 28 U.S.C. § 157(a); Local Rule 83.7, N.D. G a. A proceeding "arising under" title 11 involves a substantive right created by the Bankruptcy Code. *In re Toledo*, 170 F.3d 1340, 1344–1345 (11th Cir.1999). "The determination of tax liability provided for by § 505(a) 'arises under' the Bankruptcy Code," and is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (I), and (O). *In re UAL Corp.*, 336 B.R. 370, 371 (Bankr.N.D.Ill.2006) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir.1987)).

## III. Analysis

Section 505(a)(1) grants the Bankruptcy Court the ability to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505(a)(1) (2012). However, this power is limited by Section 505(a)(2)(A). The Court does not have the ability to "determine the amount or legali-

ty of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title." 11 U.S.C. § 505(a)(2)(A) (2012). The Bankruptcy Court has no jurisdiction to assess a tax liability that has already been contested and adjudicated.

### 1. The Assessments are final under state law.

Courts have looked to state law to determine if the tax assessment decision has been "contested and adjudicated." *In re El Tropicano*, 128 B.R. 153 (Bankr. W.D.Tex.1991). If such determinations are final under state law, they "should be final under federal law as well, and ought to count as matters that were 'contested before and adjudicated by a judicial or administrative tribunal.'" *In re El Tropicano*, 128 B.R. 153, 160 (Bankr.W.D.Tex. 1991). These state agencies acting in a judicial capacity receive preclusive effect. *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). Thus, if the tax liability was "determined by the state prepetition through an adjudicative system, the bankruptcy court is without jurisdiction to redetermine the tax liability." *Texas Comptroller of Pub. Accounts v. Trans State Outdoor Adver. Co., Inc.*, 140 F.3d 618 (5th Cir.1998).

Mississippi law lays out the process for an aggrieved party to appeal a tax assessment, and such appeal leads to a final decision under state law. Miss. Code Ann. § 27–77–5 (2014). The Mississippi Code states that any taxpayer "aggrieved by an assessment of tax by [the Mississippi Department of Revenue] shall "file an appeal in writing with the board of review requesting a hearing and correction of the contested action." Miss. Code Ann. § 27–77–5(1) (2014). The agency will then schedule a hearing; a failure of the tax-

payer or his representative to attend the hearing or submit his position in writing or by electronic transmission "shall constitute a withdrawal of the appeal." Miss. Code Ann. § 27–77–5(2) (2014). Once an appeal has been withdrawn, whether voluntarily or involuntarily, "the action from which the appeal was taken ... shall become final and not subject to further review by the board of review, the Board of Tax Appeals or a court." Miss. Code Ann. § 27–77–5(8) (2014). The resulting agency decision is final.

The Mississippi Supreme Court recently held that failure to attend an appellate hearing for the Mississippi Tax Board of Appeals results in involuntary withdrawal, a final agency decision, and preclusion of further adjudication of the issue. *Virk v. Mississippi Department of Revenue*, 133 So.3d 809, 814 (Miss.2014). In *Virk*, the plaintiff appealed Assessments issued to him by the Mississippi Department of Revenue ("MDOR"). *Id.* MDOR scheduled a hearing for the plaintiff, which plaintiff failed to attend. Consequent to Mississippi law, the Board of Tax Appeal considered plaintiff's failure to attend an involuntary withdrawal, making its initial Assessments final state law decisions. Plaintiff appealed this decision to Chancery Court, lost, and subsequently appealed to the Mississippi Supreme Court. The Mississippi Supreme Court found that "failing to attend the hearing sealed [plaintiff's] fate and made his assessment final." *Id.* at 814.

 Here, Plaintiff did not attend the scheduled hearing, and that resulted in an involuntary withdrawal of the appeal. This withdrawal resulted in the decision upholding the Assessments, which "became final under state law prior to the commencement of bankruptcy proceedings." *City Vending of Muskogee, Inc., v. Oklahoma Tax Comm'n*, 898 F.2d 122, 125 (10th Cir.1990). Because the decision is final under Mississippi law, this Court has

no jurisdiction over Plaintiff's challenge to the Assessments.

## 2. The Assessments were contested and adjudicated within the meaning of Section 505.

Despite the finality of the Assessments under Mississippi law, Plaintiff argues that his Assessments claim was never "contested and adjudicated" within the meaning of Section 505(a)(2)(A). Plaintiff argues that the Bankruptcy Court retains jurisdiction over the tax liability because Plaintiff's tax liability was never decided on the merits in the Board of Review, meaning a court or administrative tribunal of competent jurisdiction did not adjudicate the tax liability. Plaintiff relies on *In re Century Vault Company, Inc.*, 416 F.2d 1035 (3d Cir. 1969) to argue that the debtor's appearance and actual litigation before a competent tribunal is necessary to preclude the Bankruptcy Court's determination of the issue. *In re Century Vault Company, Inc.*, 416 F.2d 1035, 1041 (3d Cir.1969) ("Where the bankrupt has defaulted ... [there] has been no contest.").

This particular case is complicated by Plaintiff's failure to attend the hearing. Plaintiff argues that the involuntary withdrawal and resulting final decision is similar to a default judgment. Several courts have previously discussed the relationship between Section 505(a)(2) and default judgments. In *In re Tapp*, the Court found that the legislative history of the original provision which Section 505(a)(2)(A) is based upon "makes clear that Congress did not intend a default judgment to preclude the bankruptcy court's determination of the amount and validity of State taxes." *In re Tapp*, 16 B.R. 315, 318 (Bankr.D.Alaska 1981). When the Code was updated in 1978, Section 505(a)(2)(A) maintained the language "contested and adjudicated" as it did in 1898. *In re Tapp*, 16 B.R. 315, 319 (Bankr.D.Alaska 1981). The Court found

that, through the update, "Congress intended the final version of Section 505 to continue the bankruptcy court's authority to determine the amount and legality of a tax ... The phrase 'contested before and adjudicated by' was intended by Congress to exclude default judgments." *In re Tapp,* 16 B.R. 315, 320 (Bankr.D.Alaska 1981). Similarly, in *In re East Coast Brokers & Packers, Inc.,* the Court found that the Legislative History of Section 505 shows that "Congress did not intend to alter the previous standards of Section 2a(2A) of the Bankruptcy Act of 1898 which required more than a mere default in a prior proceeding to meet the requirement of contest and adjudication." *In re East Coast Brokers & Packers, Inc.* 142 B.R. 499, 501 (Bankr.S.D.Fla.1992).

However, this claim does not arise from a default judgment. Here, Plaintiff sought to make his case, and Defendant responded. Plaintiff failed to take further action. Unlike in a default judgment, here both parties took action in furtherance of resolving the dispute. Plaintiff's failure to attend the hearing, however, resulted in an involuntary withdrawal and final decision. The agency's decision is thus entitled to preclusive effect under Section 505(a)(2)(A). Because the tax assessment has already been contested and adjudicated, as is defined under 11 U.S.C. 505(a)(2)(A), this court is precluded from redetermining the Assessments.

This result is also compelling from a policy standpoint. The Bankruptcy Code should not be construed to afford a litigant a "second bite at the apple." This is the reason behind the exception of Section 505(a)(2). While this case falls somewhere in between the default judgment and full participation in the proceeding, a default implies that the litigant did not participate in any way in the matter. The factual pattern here involves Plaintiff filing a complaint and then taking no further action.

Under Mississippi law, that is an adjudication. This Court has no subject matter jurisdiction over the determination of the tax.

### 3. The notice letter satisfied due process.

So long as the government provides "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," it has fulfilled its requirements of due process. *Jones v. Flowers,* 547 U.S. 220, 226, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). While Plaintiff argues that his right to due process was violated because he never received the notice letter with the date and time of the hearing, Defendant need only show that notice was reasonably calculated.

Due process does not require that one actually receive notice before the government may deprive one of a property interest. *Jones v. Flowers,* 547 U.S. 220, 226, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) (citing *Dusenbery v. United States,* 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002)). Rather, due process only requires that the government provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers,* 547 U.S. 220, 226, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). If name and address are reasonably ascertainable, notice by mail suffices. *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

In his Complaint, Plaintiff asserts that Defendant "has failed to produce a copy of the certified mail receipt and/or 'green card' indicating that the Notice of Assessment was properly delivered to the Plaintiff." (Compl.¶ 12). In his Response,

Plaintiff clarifies that this allegation refers to the hearing notice letter, stating that "MDOR claims to have sent a letter to the [Plaintiff's] address stating the date and time of the Board of Review Hearing, however, Plaintiff was never in receipt of such a letter."

■ Mississippi law only requires that after an appeal hearing is scheduled, "[a] notice of the hearing [ ] be mailed to the taxpayer advising the taxpayer of the date, time and location of the hearing." Miss. Code § 27–77–5(2). The definitions section of that Chapter defines "Mail," "mailed" or "mailing" as "placing the document or item referred to in first-class United States mail, postage prepaid, addressed to the person to whom the document or item is to be sent at the last known address of that person." Certified mail with return receipt is neither required by the statute nor by the Constitution. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

Defendant sent the letter to the return address given by Plaintiff as required by the statute. So long as Defendant was unaware that its attempt to give notice had gone awry, the attempt is sufficient. *Jones v. Flowers*, 547 U.S. 220, 226, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Defendant thus satisfied the threshold of notice reasonably calculated to apprise Plaintiff of the hearing.

## III. Conclusion

The Court does not have subject matter jurisdiction to determine the amount and legality of the Assessments, and Plaintiff has not pled sufficient facts to state a due process claim. The question of whether the Assessments are dischargeable remains to be determined in this matter. Accordingly, it is

**ORDERED** that the Motion to Dismiss Plaintiff's Complaint is **GRANTED IN PART** as to Counts One and Four of the Complaint.

It is **FURTHER ORDERED** and **NOTICE IS HEREBY GIVEN** that a Telephonic Status Conference will be held in this matter on *April 15, 2015* at *3:00 PM EDT*. The parties are **DIRECTED** to contact Judge Diehl's Courtroom Deputy Eva Moody at (404) 215–1029 two days before the conference for call-in information.

The Clerk's Office is directed to serve a copy of this Order upon Defendant, Defendant's counsel, Plaintiff, Plaintiff's counsel, and the United States Trustee.

**IT IS ORDERED.**